# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>FELIPE MARTINEZ JR.,<br><br>Respondent. | Case No. 1:21-cv-01724-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Alexander Mendoza is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Given that the instant petition is not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Federal Habeas Corpus Jurisdiction**

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

In the instant petition, Petitioner asserts that he was held in disciplinary segregation for an additional forty-four days after serving his sixty-day sanction, in violation of the Eighth Amendment. Petitioner also raises a claim of negligent infliction of emotional distress pursuant to the Federal Tort Claims Act. (ECF No. 1 at 3).[2] Petitioner does not challenge any aspect of his underlying criminal conviction or sentence, the fact or duration of his confinement, or his disciplinary proceeding. Rather, Petitioner only challenges the additional forty-four days he spent in disciplinary segregation after serving his sanction and appears to seek monetary damages. (ECF No. 1 at 2–4, 7). Accordingly, Petitioner has failed to state a cognizable claim for federal habeas corpus relief. See Preiser, 411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Fiorito v. Entzel, 829 F. App'x 192, 193–94 (9th Cir. 2020) (affirming dismissal of § 2241 petition where federal prisoner claimed "prison officials violated his due process and First Amendment rights by issuing him a false incident report, finding him guilty at a disciplinary hearing without allowing him the opportunity to present witnesses and evidence, and artificially raising his custody score, which resulted in his transfer to a higher security prison" because petitioner "is unable to demonstrate that a writ of habeas corpus will appropriately address the harm that he seeks to remedy" and finding "the proper vehicle for [petitioner]'s claims is a civil rights action"); Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241); Siyam v. Graber, No. CV 10-692-TUC-CKJ, 2011 WL 3665427, at *3 (D. Ariz. June 17, 2011) (finding federal prisoner not entitled to § 2241 habeas relief for claims challenging impermissible imposition of disciplinary transfer and excessive administrative segregation because success on claims "would not result in any impact on the legality or duration of Petitioner's confinement" and there was "no possibility that the Court could afford Petitioner any 'sentence-shortening' relief, *i.e.*, relief that would affect the fact or duration of his incarceration"), report and recommendation adopted, 2011 WL 3665426 (D. Ariz. Aug. 22, 2011).

### B. Conversion to Bivens Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See Fiorito, 829 F. App'x at 194 (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint).

The undersigned finds that it would be inappropriate to construe the habeas petition as a Bivens complaint. The incidents at issue in the petition occurred at the Federal Correctional Complex in Lompoc, California, which is located in Santa Barbara County. (ECF No. 1 at 4, 6). Therefore, venue is proper in the Central District of California. See Fiorito, 829 F. App'x at 194 (holding that failure to name proper defendants and filing in the wrong venue are "valid and reasonable bases" for a district court to decline converting § 2241 petition to Bivens complaint).

///

///

///

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 29, 2021**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4